HAILYN J. CHEN (State Bar No. 237436)
hailyn.chen@mto.com
SARA N. TAYLOR (State Bar No. 288573)
sara.taylor@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, California 90071-1560
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

CHARLES F. ROBINSON (State Bar No. 113197)
charles.robinson@ucop.edu
KAREN JENSEN PETRULAKIS (State Bar No. 168732)
karen.petrulakis@ucop.edu
MARGARET L. WU (State Bar No. 184167)
margaret.wu@ucop.edu
ELISABETH C. YAP (State Bar No. 284132)
elisabeth.yap@ucop.edu
UNIVERSITY OF CALIFORNIA
Office of the General Counsel
1111 Franklin Street, 8th Floor
Oakland, CA  94607-5200
Telephone:  (510) 987-9800
Facsimile:   (510) 987-9757

Attorneys for Defendant
THE REGENTS OF THE UNIVERSITY
OF CALIFORNIA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| NEFERTITI TAKLA and KRISTEN HILLAIRE GLASGOW,<br><br>Plaintiffs,<br><br>vs.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>Defendant. | Case No.: 2:15-CV-4418 (CAS)<br><br>**STIPULATION AND [P~~ROPOSED~~] CONFIDENTIALITY PROTECTIVE ORDER** |

STIPULATION AND [PROPOSED] CONFIDENTIALITY PROTECTIVE ORDER

      IT IS HEREBY STIPULATED by and between Plaintiffs Nefertiti Takla and Kristen Hillaire Glasgow, and Defendant The Regents of the University of California (collectively, the Parties), by and through their respective counsel of record, that in order to facilitate the exchange of information and documents that may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and University of California policies, the Parties stipulate as follows:

1. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

    a. "Proceeding" means the above-entitled proceeding, *Nefertit Takla, et. al. v. The Regents of the University of California*, Central District of California Case No. 2:15-CV-4418 (CAS).

    b. "Court" means the Honorable Christina A. Snyder or the Honorable Charles F. Eick, or any other judge or commissioner to which this Proceeding may be assigned, including Court staff participating in such proceedings.

    c. "Confidential" means any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law. "Confidential" information also includes sensitive personal information such as personal e-mail addresses or telephone numbers.

    d. "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" or "Highly Confidential" pursuant to the provisions of this Stipulation and Protective Order.

    e. "Designating Party" means the Party that designates Documents, Testimony or Information as "Confidential" or "Highly Confidential."

    f. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, produce, give, or make available Confidential Materials, or any part thereof, or any Information contained therein.

g. "Documents" has the broadest meaning permitted by Federal Rules of Civil Procedure 26 and 34, and specifically and without limitation includes tangible things, electronically stored information, including information stored on a computer disk or other electronic, magnetic, or optical data storage medium, including all drafts, non-final versions, alterations, modifications, and amendments which have been produced in discovery in this Proceeding by any person or entity, and (ii) any copies, reproductions, derivative or summary material of all or any part of the foregoing.

h. "Expert" means a person with specialized knowledge or experience in a matter pertinent to this Proceeding who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of any Party. This definition includes a professional jury or trial consultant retained in connection with this Proceeding.

i. "FERPA" means the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, and any regulations passed pursuant to that Act by the Department of Education or any other federal agency.

j. "FERPA Records" means education records as defined by FERPA.

k. "Highly Confidential" means any information being produced by a Designating Party and that (1) contains, is reasonably believed to contain, or claimed by another Party to contain FERPA Records of any student who has not consented to the disclosure of such records or (2) the Designating Party believes in good faith that the Disclosure of such Information would create a substantial risk of serious financial, reputational, or other injury to any person that cannot be avoided by less restrictive means.

l. "Information" means the content of Documents or Testimony.

m. "Professional Vendor" means a person or entity that provides litigation support services (e.g. photocopying. videotaping. translating, preparing

exhibits or demonstrations, organizing, storing. retrieving or copying data in any form or medium, etc.) and its employees and subcontractors.

        n.    "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

    2.    The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

    3.    The Designating Party (i) shall designate as "Highly Confidential" any Documents, Testimony or Information that contains, is reasonably believed to contain, or is claimed by another Party to contain FERPA Records of any student who has not consented to the disclosure of such records and (ii) shall have the right to designate as "Highly Confidential" any Documents, Testimony or Information that are non-public if the Designating Party believes in good faith that the Disclosure of such Information would create a substantial risk of serious financial, reputational, or other injury to any person that cannot be avoided by less restrictive means.

    4.    The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to (i) any Party's right to assert the attorney-client privilege, the attorney work product doctrine or any other privileges, protections or privacy rights; (ii) any Party's right to contest such assertions; and (iii) any Party's right to contest the alleged discoverability, relevancy or admissibility of the Information sought, or that FERPA Records can or shall be produced on any basis other than the written consent of the subject individuals or by court order.

    5.    Defendant's production of Plaintiff Nefertiti Takla's FERPA records to Plaintiff Takla and her counsel of record in response to discovery requests is

STIPULATION AND [PROPOSED] CONFIDENTIALITY PROTECTIVE ORDER

governed by 20 U.S.C. § 1232g and 34 C.F.R. § 99.31(a)(9)(iii)(B), which permits an educational agency or institution to disclose to the court, without a court order or subpoena, a student's educational records that are relevant for the educational agency or institution to defend itself in a legal action initiated by the student, and UCLA Policy 220, Section III.E.3.a.9, which permits UCLA to disclose personally identifiable information from student records to students requesting their own records. Likewise, Defendant's production of Plaintiff Kristen Hillaire Glasgow's FERPA records to Plaintiff Glasgow and her counsel of record in response to discovery requests also is governed by 20 U.S.C. § 1232g and 34 C.F.R. 99.31(a)(9)(iii)(B), which permits an educational agency or institution to disclose to the court, without a court order or subpoena, a student's educational records that are relevant for the educational agency or institution to defend itself in a legal action initiated by the student, and UCLA Policy 220, Section III.E.3.a.9, which permits UCLA to disclose personally identifiable information from student records to students requesting their own records. Plaintiffs have provided Defendant with their respective, express, and informed consent and permission to share their FERPA records with their counsel of record in this matter. Plaintiffs and their counsel of record will not share the FERPA records of Plaintiff Takla with Plaintiff Glasgow without first obtaining Plaintiff Takla's express, informed consent and permission to do so; likewise, Plaintiffs and their counsel of record will not share the FERPA records of Plaintiff Glasgow with Plaintiff Takla without first obtaining Plaintiff Glasgow's express, informed consent and permission to do so.

6. Any Documents, Testimony or Information to be designated as "Confidential" or "Highly Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed. The "Confidential" or "Highly Confidential" designation should not obscure or interfere with the legibility of the designated Information.

   a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" or "Highly Confidential" on each page of any Document containing such designated Confidential Materials.

   b. If any materials are produced that do not contain pages, such as tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential" or "Highly Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" or "Highly Confidential" portions.

   c. For Testimony given in depositions the Designating Party may either:

     1. identify on the record, before the close of the deposition, all "Confidential" and "Highly Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential" or "Highly Confidential;" or

     2. designate the entirety of the Testimony at the deposition as "Confidential" or "Highly Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" or "Highly Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential" or "Highly Confidential" as instructed by the Designating Party.

7.       The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" or "Highly Confidential" designation shall be without prejudice to any claim that such item is Confidential or Highly Confidential and no Party shall be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a:

   a.    "Confidential" or "Highly Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" or "Highly Confidential" (the "Inadvertent Production Notice").

8.       Upon receipt of such Inadvertent Production Notice as provided in paragraph 6(a), the Party or Parties that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" or "Highly Confidential" designated Materials. Should a receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production.

9.       All subsequently created derivative documents such as summaries, charts, and notes that contain or discuss Confidential Materials in a manner that discloses any content of the Confidential Materials (collectively, the "Derivative Materials") shall be protected and governed by the provisions of this Stipulation and

Protective Order to the same extent and on the same basis as the underlying Confidential Materials.

10. In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" or "Highly Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" or "Highly Confidential" designation. In the event that the Designation Objections are neither timely resolved in writing by the Parties nor timely addressed in a Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

11. Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

    a. the Court;

    b. (1) attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party and (2)

in-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

    c.    individuals who are Parties, or those officers, directors, partners, members, employees and agents of all non-Designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such individuals who are Parties or any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

    d.    court reporters or videographers in this Proceeding (whether at depositions, hearings, or any other proceeding);

    e.    any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials;

    f.    Professional Vendors;

    g.    mediators and/or arbitrators (including their employees and staff) the Parties retain in connection with this Proceeding;

    h.    Experts, provided, however, that prior to the Disclosure of Confidential Materials to any such Expert, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A; and

    i.    any other person that the Designating Party agrees to in writing.

12. Access to and/or Disclosure of Confidential Materials designated as "Highly Confidential" shall be permitted only to the extent necessary to the following persons:

    a. the Court;

    b. (1) attorneys of record in the Proceedings and their paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party and (2) in-house counsel of the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

    c. court reporters or videographers in this Proceeding (whether at depositions, hearings, or any other proceeding) to whom disclosure of the Highly Confidential Information is reasonably necessary provided, however, that prior to the Disclosure of Confidential Materials to such court reporters or videographers, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

    d. any deposition, trial or hearing witness in the Proceeding who authored, received, or saw a Document, Testimony or Information marked "Highly Confidential;"

    e. experts, who have been engaged to consult or testify on behalf of a party, and with respect to whom a party believes in good faith that disclosure is necessary for the prosecution or defense of its claims in this Proceeding, provided, however that prior to the disclosure of Highly Confidential Materials to any such expert, the Party making the Disclosure shall deliver a copy of this Stipulation and

Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A; and

  f. any other person that the Parties agree to in writing and who is approved by order of the Court, provided that prior to the Disclosure of Highly Confidential Materials to any such person, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

 13. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any person to promptly notify counsel for the Designating Party of such breach or threatened breach.

 14. Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

 15. Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

 16. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

  a. operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" or "Highly Confidential" contains or reflects confidential or sensitive business, commercial, financial, personal or protected information; or

  b. prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

1. to seek a determination by the Court of whether any particular Confidential Materials should be subject to protection as "Confidential" or "Highly Confidential" under the terms of this Stipulation and Protective Order;

2. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information;

3. to seek relief from the Court for a further protective order relating to any Confidential Materials or relating to any discovery in this action; or

4. to seek from the Court additional protections for any Confidential Materials, including but not limited to FERPA Records that is the subject of a dispute between the Parties as to whether such Information should be produced.

17. Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated Stipulation and Protective Order upon the other Parties to this Stipulation and Protective Order.

18. Any Information that may be produced by a non-Party in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party or by any Party as "Confidential" or "Highly Confidential" under the terms of this Stipulation and Protective Order. Any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as a consent by such producing Party to the authority of the Court in the

Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

19. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government entity or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery, to counsel of record for the Designating Party, and shall promptly furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena and shall take steps to ensure that the Designating Party has a reasonable time period within which to act before any production is made.

20. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection, and may seek relief from the Court in the event the Parties cannot come to an agreement regarding such terms

21. If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent

facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party and must do so within at least two days.

22. This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-confidential manner, then the Designating Party shall advise that the designation no longer applies. This provision does not apply to FERPA Records without written consent of the subject individual(s) or by court order.

23. Nothing in this Stipulation and Protective Order shall be deemed to restrict any Designating Party from using any Information in its own Documents and materials.

24. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Materials. A Party that seeks to file under seal any Confidential Materials must comply with Civil Local Rule 79-5. Confidential Materials may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Materials at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Confidential Materials at issue are privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Confidential Materials under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

25. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with

respect to any ruling made by the Court concerning the issue of the status of Confidential Materials.

26. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating party except as to FERPA Records or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

27. Upon final settlement, final judgment, or other final termination of the Proceeding, including any right of appeal thereof:

   a. the undersigned Parties shall have thirty (30) days for all Confidential Materials to either: (1) destroy or return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court, and one copy of each deposition together with the exhibits marked at the deposition), (2) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (3) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (1) and (2), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in subparagraph (3) herein.

28. The Parties agree that inadvertent production of documents or information subject to any applicable privilege, including but not limited to the attorney-client privilege or work product doctrine, does not waive such applicable privilege or protection, provided a request for return of such Documents or

Information is made promptly upon learning of such inadvertent production. When a producing Party gives notice to a receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

29. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

30. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

This Stipulation and Protective Order may be executed in counterparts.

DATED: February 25, 2016

MUNGER, TOLLES & OLSON LLP
HAILYN J. CHEN
SARA N. TAYLOR

By: *Sara Taylor*

SARA N. TAYLOR
Attorneys for The Regents of the University of California

| | | |
|---|---|---|
| 1 | DATED: February 25, 2016 | MCALLISTER OLIVARIUS |
| 2 | | |
| 3 | | |
| 4 | | By: _/s/ Vincent R. Fisher_____ |
| 5 | | VINCENT FISHER |
| 6 | | |
| 7 | | Attorney for Plaintiffs |
| 8 | | NEFERTITI TAKLA and KRISTEN HILLAIRE GLASGOW |

## ORDER

**GOOD CAUSE APPEARING,** the Court hereby approves this Stipulation and Protective Order.

**IT IS SO ORDERED.**

DATED:

2/26/16

_____
The Honorable ~~Christina A. Snyder~~
~~United States District Judge~~
Charles F. Eick
United States Magistrate Judge

- 18 -
STIPULATION AND [PROPOSED] CONFIDENTIALITY PROTECTIVE ORDER

# EXHIBIT A

## CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____ [NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding, (*Nefertiti Takla et al. v. The Regents of the University of California*, Case No. 2:15-CV-4418 (CAS)). I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulated Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this ____ day of _____, 20__, at _____.

1  DATED:

_____  Signature

_____  Title

_____  Address

_____  City, State, Zip

_____  Telephone Number